FILED

HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: tmf@hassard.com

2008 JUN 19 PM 3:12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

Attorneys for Defendants
DAVOL INC. and C.R. BARD, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

SJO
AJWx

| | |
|---|---|
| CARMENITA NUNLEY<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., DAVOL INC., and DOES 1 to 100,<br><br>Defendants. | Case No. CV08-04064<br><br>**DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S NOTICE OF REMOVAL** |

BY FAX

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant C.R. Bard, Inc. ("Bard") and Defendant Davol Inc. ("Davol"), (collectively "Defendants"), hereby remove the above-captioned action from the Superior Court of California in and for Los Angeles County, California, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

1. Plaintiff's Complaint makes similar allegations to numerous other product liability complaints filed against Bard and Davol throughout the country. Plaintiff alleges that the Composix® Kugel® Hernia Patch, an FDA-approved medical device manufactured and sold by Davol for use in the repair of soft tissue defects, including hernias, was defective and unreasonably dangerous when put to its intended

use. These matters have been consolidated for pretrial proceedings. *See In re Kugel Mesh Hernia Patch Prods. Liab. Litig.*, 493 F. Supp. 2d 1371 (J.P.M.L. 2007). With Defendants' removal, the present action can and should become part of those MDL proceedings in due course.

2. Plaintiff filed her Complaint in the Superior Court of California in and for Los Angeles County, California on or about May 15, 2008. Neither Bard nor Davol has been served with a copy of the Complaint or any state process.

3. As noted, no process, pleadings, or orders have been served upon Bard or Davol. A copy of Plaintiff's Complaint, obtained from the Court's file, is attached as Exhibit A.

4. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Superior Court of California in and for Los Angeles County, California, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 84(c)(2).

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Davol or Bard, through service, of Plaintiff's Complaint, which sets forth the bases for removal.

6. Pursuant to 28 U.S.C. § 1446(d), Bard and Davol are filing a written notice of this removal with the clerk of the Superior Court of California in and for Los Angeles County, California, where Plaintiff's Complaint is pending. Copies of this Notice of Removal and the written notice of same that are being provided to the state court are also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

7. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Bard and Davol, the only

properly joined defendants. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

**A. The Amount-In-Controversy Requirement Is Satisfied**

8. Although Bard and Davol deny Plaintiff's claims, and while Plaintiff seeks an unspecified amount of damages, Defendants state that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiff's claims sound in product liability and seek recovery for personal injuries allegedly caused by a defective medical device, the Composix® Kugel® hernia repair patch, that was designed and sold by Davol and used in conjunction with Plaintiff's hernia repair. (*See* Attachment to Compl. ¶ Prod. L-1.) Plaintiff alleges that due to its allegedly defective design, the Composix® Kugel® hernia patch failed, and, as a result, she sustained personal injuries which include a puncture of her intestine which was revealed after removal of the Composix® Kugel® hernia repair patch. (*Id.*) Plaintiff also claims that she has suffered loss of wages, hospital and medical expenses, and general damages. (*See* Compl. ¶ 10.) Plaintiff now seeks "an unlimited" amount in compensatory damages.

9. A defendant can establish the amount in controversy by the allegations in a complaint or by setting forth facts in the notice of removal that demonstrate that the amount in controversy exceeds $75,000. *Gaus v. Miles*, 980 F.2d 564, 576 (9th Cir. 1992). The amount-in-controversy requirement is easily met here, because the types of injuries alleged in Plaintiff's Complaint, in combination with Plaintiff's request for "unlimited" compensatory damages, make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citing *Allen v. R & H Oil & Gas Co.*, *supra*). Likewise, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296

(S.D.N.Y. 2001). In fact, plaintiff here was given an opportunity to limit her damages but chose not to.

10. Other plaintiffs have brought other actions against Bard and Davol making similar allegations as the ones expressed here pleading an amount-in-controversy in excess of $75,000. *See, e.g., Poston v. Davol Inc., et al.*, No. 2:07-cv-00032 (E.D. Cal.) (alleging damages "in the amount of $1,000,000,000"; plaintiff subsequently indicated there had been a clerical error, and the intended allegation was $1,000,000) (Ex. B); *see also In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295-96 (S.D.N.Y. 2001) (looking to other suits involving the same product to resolve amount-in-controversy inquiry).

**B. The Parties Properly Joined In This Action Are Completely Diverse**

11. Plaintiff is a resident and citizen of California.

12. Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey, and not California. *See* 28 U.S.C. § 1332(c)(1).

13 Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states, and not California. *See* 28 U.S.C. § 1332(c)(1).

14 The naming of fictitious defendants, namely Does 1 through 100, is disregarded in making determinations regarding removal. *See* 28 U.S.C. § 1441(a).

WHEREFORE, Defendant C.R. Bard, Inc. and Defendant Davol Inc. respectfully remove this action from the Superior Court of California in and for Los Angeles County, California, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Dated: June 19, 2008

Respectfully submitted,

HASSARD BONNINGTON LLP

By [signature]
Thomas M. Frieder
Attorneys for Defendant DAVOL INC.
and Defendant C. R. BARD, INC.

# EXHIBIT A

MAY-30-2008 12:19 P.002

PLD-PI-001

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
MARK R. SCHWARTZ, ESQ., SBN.86415
LAW OFFICES OF MARK R. SCHWARTZ
11355 West Olympic Boulevard
Suite 100
Los Angeles, Ca 90064
TELEPHONE NO: (310) 235-2311 FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff, CARMENITA NUNLEY

FOR COURT USE ONLY

**FILED**
LOS ANGELES SUPERIOR COURT
MAY 15 2008
JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 505 South Centre Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Pedro, CA 90731-3332
BRANCH NAME: San Pedro Courthouse

PLAINTIFF: CARMENITA NUNLEY

DEFENDANT: C.R. BARD, INC., DAVOL, INC.

[X] DOES 1 TO 100

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] AMENDED *(Number)*:
Type *(check all that apply)*:
[ ] MOTOR VEHICLE [X] OTHER *(specify)*: Product Liability
[ ] Property Damage [ ] Wrongful Death
[X] Personal Injury [ ] Other Damages *(specify)*:

Dept 88C
CMC 10/14 OSC 7/31

Jurisdiction *(check all that apply)*:
[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded [ ] does not exceed $10,000
[ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
[ ] from limited to unlimited
[ ] from unlimited to limited

CASE NUMBER:
NC042566

1. Plaintiff *(name or names)*: CARMENITA NUNLEY

alleges causes of action against defendant *(name or names)*:

2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

   b. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

CIT/CASE: NC042566 LEA/DEF#:
RECEIPT #: CCH478057065
DATE PAID: 05/16/08 03:47:25 PM
PAYMENT: $320.00 0310
RECEIVED:
CHECK:
CASH:
CHANGE:
CARD: 320.00

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.



Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Legal Solutions Plus

Code of Civil Procedure, § 425.12

| SHORT TITLE: NUNLEY v. BARD | CASE NUMBER: |
|---|---|

4. [ ] Plaintiff *(name):*
is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. [X] except defendant *(name):* C.R. BARD, INC.
(1) [ ] a business organization, form unknown
(2) [X] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

b. [ ] except defendant *(name):* DAVOL, INC.
(1) [ ] a business organization, form unknown
(2) [X] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

c. [ ] except defendant *(name):*
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

d. [ ] except defendant *(name):*
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

[ ] Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
a. [X] Doe defendants *(specify Doe numbers):* 1 to 10 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
b. [X] Doe defendants *(specify Doe numbers):* 11 to 20 are persons whose capacities are unknown to plaintiff.

7. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
a. [ ] at least one defendant now resides in its jurisdictional area.
b. [ ] the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. [X] injury to person or damage to personal property occurred in its jurisdictional area.
d. [ ] other *(specify):*

9. [ ] Plaintiff is required to comply with a claims statute, and
a. [ ] has complied with applicable claims statutes, or
b. [ ] is excused from complying because *(specify):*

| SHORT TITLE: NUNLEY v. BARD | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
    - a. [ ] Motor Vehicle
    - b. [ ] General Negligence
    - c. [ ] Intentional Tort
    - d. [X] Products Liability
    - e. [ ] Premises Liability
    - f. [ ] Other *(specify):*

11. Plaintiff has suffered
    - a. [X] wage loss
    - b. [ ] loss of use of property
    - c. [X] hospital and medical expenses
    - d. [X] general damage
    - e. [ ] property damage
    - f. [ ] loss of earning capacity
    - g. [ ] other damage *(specify):*

12. [ ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    - a. [ ] listed in Attachment 12.
    - b. [ ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    - a. (1) [X] compensatory damages
    - (2) [ ] punitive damages

    The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
    - (1) [ ] according to proof
    - (2) [ ] in the amount of: $

15. [ ] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: May 15, 2008

Mark R. Schwartz
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

| SHORT TITLE: NUNLEY v. BARD | CASE NUMBER: |
|---|---|

First (number) **CAUSE OF ACTION—Products Liability** Page 4

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*: CARMENITA NUNLEY

Prod. L-1. On or about *(date)*: May 18, 2007 plaintiff was injured by the following product:
Plaintiff underwent surgical removal of Bard Composix Kugel Mesh Patch from her abdomen while a patient at Kaiser Permanente, South Bay Medical Center. Within days after the surgery, the surgeon informed Plaintiff that she had suffered a puncture to her intestine as a result of the breakage of the expansion ring attached to the mesh, leaving a sharp point. Plaintiff had undergone multiple hernia repairs previously without a puncture complication.

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
[X] used in the manner intended by the defendants.
[ ] used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
[ ] purchaser of the product.
[ ] bystander to the use of the product.
[X] user of the product.
[X] other *(specify)*: Patient who had product inserted by surgeon.

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L-4. [X] **Count One–Strict liability** of the following defendants who
a. [X] manufactured or assembled the product *(names)*: C. R. Bard, Inc. and Davol, Inc.
[X] Does 21 to 25
b. [X] designed and manufactured component parts supplied to the manufacturer *(names)*: C. R. Bard, Inc. and Davol, Inc.
[X] Does 26 to 30
c. [X] sold the product to the public *(names)*: C. R. Bard, Inc. and Davol, Inc.
[X] Does 31 to 35

Prod. L-5. [X] **Count Two–Negligence** of the following defendants who owed a duty to plaintiff *(names)*: C. R. Bard, Inc. and Davol, Inc.
[X] Does 36 to 40

Prod. L-6. [X] **Count Three–Breach of warranty** by the following defendants *(names)*: C. R. Bard, Inc. and Davol, Inc.
[X] Does 41 to 45
a. [X] who breached an implied warranty
b. [X] who breached an express warranty which was
[X] written [ ] oral

Prod. L-7. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
[ ] listed in Attachment-Prod. L-7 [ ] as follows:

# EXHIBIT B

Thomas Minder, Esq., SBN 59808
Jonathan Saul, Esq., SBN 189271
THOMAS MINDER & ASSOCIATES
2151 River Plaza Drive, Suite 290
Sacramento, California 95833
Telephone: (916) 929-4400
Facsimile: (916) 929-4466

Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON

FILED/ENDORSED
NOV 15 2006
By L. GUTIERREZ
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SACRAMENTO

| | |
|---|---|
| DANIEL POSTON and DARLINE POSTON,<br>Plaintiffs,<br>vs.<br>DAVOL, INC., and DOES 1 through 10 and ROES 11 through 20, inclusive,<br>Defendants. | CASE NO: 06AS04935<br>COMPLAINT - PRODUCT LIABILITY |

Plaintiffs DANIEL POSTON and DARLINE POSTON alleges against defendants DAVOL, INC., and DOES 1 through 10 and ROES 11 through 20, and each of them, as follows:

**PARTIES AND JURISDICTION**

1. Plaintiffs DANIEL POSTON and DARLINE POSTON are and were at all times relevant hereto residents of the State of California, County of Sacramento.

2. Plaintiffs are informed and believe, and thereon allege, defendant DAVOL, INC. (hereinafter "DAVOL") is a Delaware Corporation which provides medical supplies and instruments to medical providers throughout the United States, including California, and the Sacramento area, and has an agent for service of process in Los Angeles, California.

3. Plaintiffs are informed and believe, and thereon allege, defendant DAVOL, and ROES 11 through 20, manufactured, designed, marketed and provided the surgical mesh utilized

during the procedure in question, a hernia surgery, performed on Plaintiff DANIEL POSTON in or about June 2005.

4. Plaintiff DANIEL POSTON suffered complications following his hernia surgery, and was eventually informed, in August 2006, that the mesh utilized in his prior surgery had been recalled.

5. Plaintiff DANIEL POSTON was forced to undergo a subsequent procedure, in November 2006, during which the recalled mesh was removed.

6. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, each of said Defendants was the agent and employee of each of the remaining Defendants and in doing each of the things alleged herein was acting within the course and scope of said agency and employment.

7. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants DOES 1 through 10 and ROES 11 through 20 are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as "DOE" or "ROE" are legally responsible in some manner for the events and happenings herein referred to, and legally caused injuries and damages to Plaintiffs, as herein alleged. Plaintiffs will seek leave to insert the true names of said Defendants herein when they are ascertained.

**FIRST CAUSE OF ACTION**

**Negligence**

**(Defendant DAVOL, INC.)**

8. Plaintiffs refer to and herein incorporates the preceding paragraphs 1-7, as though fully set forth herein.

9. That at all times herein mentioned, Defendant DAVOL and ROES 11 through 20, and each of them, negligently and carelessly researched, designed, manufactured, inspected, marketed, warranted, and advertised the surgical mesh utilized during the surgery in question, and that Defendants negligently and carelessly allowed the product to be sold, used and consumed by the general public. The product in question was unfit for its intended use inasmuch

as it caused personal injuries to the user and consumer when used in a manner reasonably foreseeable.

10. At all times mentioned herein, Defendant DAVOL and ROES 11 through 20, and each of them, knew or in the exercise of reasonable care should have known, that the product was of such a danger that it was likely to injure persons who used it.

11. At all times herein mentioned, Defendant DAVOL and ROES 11 through 20, and each of them, had a duty to properly research, design, manufacture, inspect, market, warrant and advertise the product and that Defendant DAVOL and ROES 11 through 20, and each of them, breached that duty to the general public and, in particular, to Plaintiff DANIEL POSTON.

12. Because of the negligence of Defendants DAVOL and ROES 11 through 20, and each of them, in the research, manufacture, inspection, marketing, warranting, and advertising the product, Plaintiff DANIEL POSTON sustained personal injuries.

13. As a legal result of the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, Plaintiff DANIEL POSTON sustained injuries which have caused and continue to cause him mental, emotional and physical pain and suffering. Plaintiff DANIEL POSTON alleges that said injuries will result in some permanent disability, resulting in general damages in an amount in excess of the jurisdictional limits of this court.

14. As a further legal result of the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, Plaintiff DANIEL POSTON was required to employ health care providers to treat and care for him. Plaintiffs have incurred medical expenses, the amount of which is presently unknown and said expenses are continuing to occur and, when finally determined, will ask leave of the Court to assert such damages.

**<u>SECOND CAUSE OF ACTION</u>**

**Loss of Consortium**

**(Defendant DAVOL, INC.)**

15. Plaintiffs refer to and herein incorporates the preceding paragraphs 1-14, as though fully set forth herein.

///

16. At all times herein mentioned, Plaintiff DARLINE POSTON was the wife of Plaintiff DANIEL POSTON. As a further direct and legal result of the negligence and carelessness of Defendants, and each of them, Plaintiff DARLINE POSTON has been deprived of the care, comfort, companionship, society, and consortium of her husband, all to Plaintiff DARLINE POSTON's damages in excess of the jurisdictional minimum of this court.

**THIRD CAUSE OF ACTION**

**Strict Liability**

**(Defendant DAVOL, INC.)**

17. Plaintiffs refer to and herein incorporates the preceding paragraphs 1-16, as though fully set forth herein.

18. That at all times herein mentioned, Defendants DAVOL and ROES 11 through 20, and each of them, researched, designed, manufactured, inspected, marketed, warranted, and advertised the surgical mesh, which contained design, manufacturing and warning defects capable of causing personal injuries to the user and consumer while being used in a reasonably foreseeable manner. The aforementioned conduct rendered the product unsafe and dangerous for use by consumers, including Plaintiff DANIEL POSTON.

19. Defendants, and each of them, knew that the product was to be used without inspection for defects by Plaintiff DANIEL POSTON.

20. At all material times, the product hereinabove described was unsafe for its intended use by consumers by reason of defects in its manufacture and design rendering it unreasonably dangerous to foreseeable users.

21. Plaintiff DANIEL POSTON alleges that the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, in designing and manufacturing the product in question was the legal cause of his injuries and damages.

22. As a legal result of the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, Plaintiff DANIEL POSTON sustained injuries which have caused and continue to cause him mental, emotional and physical pain and suffering. Plaintiff DANIEL

POSTON alleges that said injuries will result in some permanent disability, resulting in general damages in an amount in excess of the jurisdictional limits of this court.

PRAYER

WHEREFORE, Plaintiffs' pray for judgment against Defendants DAVOL, INC., DOES 1 through 10 and ROES 11 through 20, and each of them, as follows:

1. For general damages in an amount exceeding the jurisdictional minimum of this court;
2. For all medical and incidental expenses, according to proof;
3. For Plaintiff DARLINE POSTON's loss of consortium;
4. For lost earnings and earning capacity, according to proof;
5. For pre-judgment interest;
6. For costs of suit incurred herein; and,
7. For such other and further relief as the court deems just and proper.

Dated: November 10, 2006

THOMAS MINDER & ASSOCIATES

By ______________________
Jonathan Saul
Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON

Thomas Minder, Esq., SBN 59808
Jonathan Saul, Esq., SBN 189271
THOMAS MINDER & ASSOCIATES
2151 River Plaza Drive, Suite 290
Sacramento, California 95833
Telephone: (916) 929-4400
Facsimile: (916) 929-4466

Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON

SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SACRAMENTO

| | |
|---|---|
| DANIEL POSTON and DARLINE POSTON,<br>Plaintiffs,<br>vs.<br>DAVOL, INC., and DOES 1 through 10 and ROES 11 through 20, inclusive,<br>Defendants. | CASE NO: 06AS04935<br>**STATEMENT OF DAMAGES** |

Comes now Plaintiff, DANIEL POSTON, and provides his Statement of Damages as follows:

1. Plaintiff will claim his reasonable and necessary medical expenses according to proof at the time of trial;

2. Plaintiff will claim general damages to compensate him for the pain, suffering, fear, anxiety, embarrassment and emotional distress which this incident has caused in the amount of $1,000,000,000.

Dated: November 20, 2006

THOMAS MINDER & ASSOCIATES

By ________________________
Jonathan Saul
Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON

# PROOF OF SERVICE

Case Name: Carmenita Nunley v. C.R. Bard, Inc. et al.

Court: United States District Court
Central District of California

Case No.:

1. At the time of service I was over 18 years of age and not a party to this action.
2. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.
3. On **June 19, 2008**, I served the following documents:

**DEFENDANT C. R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S NOTICE OF REMOVAL**

4. I served the documents on the persons below as follows:

MARK R. SCHWARTZ, ESQ.
LAW OFFICES OF MARK R. SCHWARTZ
11355 West Olympic Boulevard
Suite 100
Los Angeles, CA 90064
310-235-2311 (Phone)

5. The documents were served by the following means (specify):

____ By personal service. I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening. The time of service was __________.

_X_ By United States mail. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

____ By overnight delivery. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

____ By messenger service. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

____ By fax transmission. I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

____ By e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: June 19 2008

Esther Hom

Esther Hom

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

**CV08- 4064 SJO (AJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CARMENITA NUNLEY

**DEFENDANTS**
DAVOL INC. and C.R. BARD, INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Mark R. Schwartz, Esq./ Law Offices of Mark R. Schwartz
11355 West Olympic Boulevard, Suite 100
Los Angeles, CA 90064 Phone: (310) 235-2311

Attorneys (If Known)
Thomas M. Frieder, Esq./HASSARD BONNINGTON LLP
Two Embarcadero Center, Suite 1800
San Francisco, CA 94111-3941
Phone: (415) 288-9800

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only** (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding ☑ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.) (in Answer)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $** ACCORDING TO PROOF

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sections 1331, 1441 and 1446. Removed based on diversity jurisdiction.

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☑ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/ PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV08-04064

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): SAV08-220 AHS (RNBx), 2:08-CV-01188 SVW (AJWx), 2:08-CV-01189 VBF (RCx), 2:08-CV-01184 PSG (JCx), CV08-3736 ABC (AGRx)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | For properly joined defendants: Davol Inc. - Delaware and Rhode Island<br>Bard - New Jersey |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** 6/19/08

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# PROOF OF SERVICE

Case Name: Carmenita Nunley v. C.R. Bard, Inc. et al.

Court: United States District Court
Central District of California

Case No.:

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111-3941.

3. On **June 19, 2008**, I served the following documents:

**CIVIL COVER SHEET**

4. I served the documents on the persons below as follows:

Mark R. Schwartz, Esq.
Law Offices of Mark R. Schwartz
11355 West Olympic Boulevard
Suite 100
Los Angeles, CA 90064
(310) 235-2311 (Phone)

5. The documents were served by the following means (specify):

____ By personal service. I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening. The time of service was _________.

_**X**_ By United States mail. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

____ By overnight delivery. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

____ By messenger service. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

____ By fax transmission. I faxed the documents to the person at the fax numbers listed in item 4. No error was reported by the fax machine that I used. .

____ By e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **June 19, 2008**

Esther Hom
Esther Hom