HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: tmf@hassard.com

Attorneys for Defendants
DAVOL INC. and C.R. BARD, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARMENITA NUNLEY<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., DAVOL INC., and DOES 1 to 100,<br><br>Defendants. | Case No. CV08-4064 SJO (AJWx)<br><br>**CERTIFICATE OF SERVICE OF NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY, AND OTHER DOCUMENTS** |

I, Esther Hom, certify and declare as follows:

I, Esther Hom, certify and declare as follows:

I am over the age of 18 years and not a party to this action.

My business address is Hassard Bonnington LLP, Two Embarcadero Center, Suite 1800, San Francisco, California, which is located in the city, county and state where the mailing described below took place.

On **June 20, 2008,** I served copies of the attached Notice of Assignment to United States Magistrate Judge for Discovery and other documents (New Civil Actions notice, Mandatory Civil and Criminal Electronic Filing notice, Clerk's Office Services For Attorneys and The General Public; Notice to Counsel; United States

District Court Central District of California Civility and Professionalism Guidelines; and Notice to Parties of ADR Pilot Program) as provided by the court at the time of removal, by placing same in an envelope with postage prepaid and deposited in the United States mail at San Francisco, California, addressed to:

Mark R. Schwartz, Esq.
Law Offices of Mark R. Schwartz
11355 West Olympic Boulevard, Suite 100
Los Angeles, CA 90064

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 20, 2008.

Esther Hom

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

**CV08- 4064 SJO (AJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# Attention:
# New Civil Actions

Pursuant General Order 08-02, you are required to e-mail a "Filed" stamped copy of your Initial filing in PDF format within 24 hours as follows:

- Complaint/Removal, Notice of Assignment to Magistrate Judge for Discovery (CV-18), Summons (CV-01A) and Civil Cover Sheet (CV-71) as one PDF attachment.
- Certification and Notice of Interested Parties (CV-30) as a separate PDF attachment.
- AO-120 or AO-121 (for Patent, Trademark, Copyright cases only) as a separate PDF attachment.
- Any other "Filed" documents that accompany the Complaint/Removal as separate PDF attachments.

☑ **CivilIntakeCourtDocs-LA@cacd.uscourts.gov**
(for cases numbers CV ##-#####)

☐ **CivilIntakeCourtDocs-RS@cacd.uscourts.gov**
(for case numbers EDCV ##-#####)

☐ **CivilIntakeCourtDocs-SA@cacd.uscourts.gov**
(for case numbers SACV ##-#####)

The **ECF Helpdesk** can be reached at 213-894-0242 during business hours; Monday through Friday, 10:00 a.m. to 4:00 p.m. (PST). E-mail questions to: ecf-helpdesk@cacd.uscourts.gov

*Subsequent documents e-mailed to above address will not be accepted. Please check General Order 08-02 for instructions on how to e-file documents.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE FROM THE CLERK

Mandatory Civil and Criminal Electronic Filing

In accordance with Federal Rules of Civil Procedure 5(d)(3), Local Rule 5-4, and General Order 08-02, all civil and criminal cases are designated for electronic filing with reasonable exceptions as outlined in General Order 07-08 Sections III (B), V (B) and VII.

Attorneys are encouraged to register in the CM/ECF system as soon as possible. If you have any questions, please contact the CM/ECF Help Desk at (213) 894-0242 or the CM/ECF website available from the Court's website at www.cacd.uscourts.gov.

**SHERRI R. CARTER**
**DISTRICT COURT EXECUTIVE**
**AND CLERK OF COURT**

Court Reporters Office:

**Ordering Transcripts**

District court civil and criminal transcripts may be ordered by making financial arrangements with the individual court reporters. To identify which reporter to contact for a specific in-court matter before April 2002, please refer to the appropriate docket entry on the civil or criminal docket sheet which is now electronically available on PACER. For specific in-court matters after April 2002, the court reporter assignment schedule is on the website. Go to Court Reporter Schedule, then view all and select the date you need to check. Transcript orders from magistrate judge courts should be placed with the magistrate judges' courtroom deputy clerk. Please refer to the website for the necessary telephone numbers, applicable fees, and identification of court reporter assignments. For more information, you can call the court reporter supervisor's office at 213-894-3015.

~~~~~

**Ordering Realtime Connection**

Realtime reporting connection should be requested in advance of the trial. Please contact the court reporter supervisor's office to request the realtime connection. There is a separate charge for the realtime connection. Please refer to the transcript rates to determine the cost. The only court reporters who may connect to realtime and charge for it are federally certified realtime court reporters. Many reporters will provide the realtime connection if a daily transcript is being ordered. The attorney must bring his or her own laptop computer.

~~~~~

**Ordering Dailies**

A request for a daily transcript should be made as soon as possible before the trail begins. Please notify the court reporter supervisor's office at least a week in advance of the trail start date in order to request a daily. The daily will not commence until financial arrangements have been made. Please do not walk in to court on the first day of trial and request a daily transcript as reporters need time to prepare.

~~~~~

**Touch Screen**

A touch screen is available in the lobby of each division. This device provides court addresses, hours, telephone numbers, a daily master calendar, and the weekly Post Indictment calendar.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

**WESTERN DIVISION**
U.S. Courthouse
Clerk's Office, Room G-8
312 North Spring Street
Los Angeles, California 90012
213-894-1565
213-894-3535
(only until 4 p.m.)
213-894-[illegible]
(emergency filing/information between 4:00 PM - 5:00 PM)

**SOUTHERN DIVISION**
Ronald Reagan Federal Building and Courthouse
Clerk's Office, Room 1-053
411 West 4th Street
Santa Ana, California 92701-4516
714-338-4750

~~~~~

**EASTERN DIVISION**
U.S. Courthouse
Clerk's Office, Room 134
3470 Twelfth Street
Riverside, California 92501
951-328-4450

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## CLERK'S OFFICE SERVICES

## FOR ATTORNEYS

## AND THE GENERAL PUBLIC

July 2005

The United States District Court, Central District of California is one of the largest federal courts in the nation. The clerk's office has put this brochure together to provide a quick reference for attorneys and the general public regarding the services that are currently available. Feedback and suggestions as to how we might improve our service are always appreciated.

~~~~~

**Web Site**

Information about the district court may be obtained on-line. Users can gather information about attorney admissions and filing procedures; review master and daily calendars, requirements for court appearances, Local Rules, General Orders and recently issued and published opinions; obtain extensive attorney assistance information and available court services; download court forms, and keep apprised of recent innovations in the clerk's office. Visit the court's home page at www.cacd.uscourts.gov.

~~~~~

**Office Hours**

The clerk's office hours are 10:00 A.M. - 4:00 P.M., Monday-Friday, excluding court observed holidays. The drop-off box service has been discontinued. For after hour emergency filings, call the following telephone numbers: Western Division: 213-894-2215, 213-894-4220/4221, after hours: 213-894-2485; Southern Division: 714-338-4786; Eastern Division: 951-328-4470.

~~~~~

**WebPACER**

The "Public Access to Court Electronic Records" (PACER) is a browser based electronic retrieval system that provides criminal and civil summaries and docket information using a computer terminal. PACER also provides access to scanned civil judgments, orders, and minute orders. The PACER service is available 24 hours a day, including weekends. To establish a PACER account, contact the PACER Service Center: 800-676-6856.

~~~~~

**Optical Scanning Program**

Attorneys who enroll in the Optical Scanning Program are served with civil judgments, orders or other court-issued documents on cases in which they are counsel of record, by facsimile or Internet e-mail instead of by regular mail. Documents are electronically transmitted to attorneys, as well as other court-designated non-parties, within 24 hours of the docket entry. There is no charge for this service. To sign up, obtain an enrollment form from the court's website or from any division of the clerk's office, or call 213-894-5474. A one-time enrollment is all that is necessary in order to be registered in this program.

~~~~~

**Records**

All pending criminal, civil, magistrate, and multi-district litigation (MDL) cases may be reviewed, at no charge, at the clerk's office. Case files and dockets may be viewed on the same day as requested unless the requested material is unavailable. Certain closed cases are located at the court's storage facility and may be ordered, viewed and copies obtained directly from National Archives and Records Administration (NARA) at 949-360-2629. These files will take several days to retrieve and are subject to a retrieval fee. To identify which clerk's office maintains the case file you wish to view, please refer to the prefix of the case number (two digits after the letters represent the filing year; for example, 05 is year 2005) as follows:

**Western Division (Los Angeles)**
CV 05-0000 - civil CR 05-0000 - criminal
**Southern Division (Santa Ana)**
SACV 05-0000 - civil SACR 05-0000 - criminal
**Eastern Division (Riverside)**
EDCV 05-0000 - civil EDCR 05-0000 - criminal

There is a charge for copies, certifications, and exemplifications. For more information on closed or archived court records, call the appropriate division, send email to records_cacd@cacd.uscourts.gov, or visit the court's website. The telephone numbers are listed on the reverse of this brochure.

~~~~~

**Photocopy Service**

Photocopy services are available from outside copy services. Please note that exemplifications and certifications must still be obtained from the clerk's office. For payment options, contact the appropriate vendors: Western Division 213-272-3975; Southern Division: 714-543-8213; and Eastern Division: 951-328-9995.

~~~~~

**Interpreter Services**

The interpreter services section of the clerk's office provides interpreters for all court proceedings instituted by the United States that require the use of a language other than English. The section also makes interpreter referrals in response to inquiries from law firms and the general public in cases where court-appointed interpreters are not indicated. For further information, please go to the court's web site under "General Information", "Interpreters". You may call 213-894-4370 for additional details.

~~~~~

**Jury Section**

The court's website offers valuable information to prospective jurors. You may see responses to frequently asked questions, read the General Order 03-12 regarding the selection of Grand and Petit jurors; download the jury handbook; review jury information for all three divisions; and verify your status/instructions utilizing the Automated Juror Information System (AJIS). Submit questions or comments to the jury section at jury@cacd.uscourts.gov.

~~~~~

**Attorney Work Room**

For attorneys, a work room is located on the second floor of the Spring Street Courthouse, on the first floor of the Roybal Federal Building, and on the tenth floor of the Ronald Reagan Federal Building and U.S. Courthouse. The workrooms have Pentium personal computers with access to Westlaw, WordPerfect, and PACER; laser printers; storage lockers; copy machines; and individual conference rooms.

~~~~~

**Evidence Presenters**

The clerk's office has evidence presenters available for attorneys to use in court proceedings. This technology connects an overhead projector to monitors which display pictures for the judge, attorneys and the jury. There is no charge for using the equipment; however, due to the high demand for its use, the equipment is reserved on a first-come, first-served basis. For more information or to reserve the equipment, visit the court's website or contact the appropriate divisions: Western Division at 213-894-1400; Southern Division at 714-338-4785; and Eastern Division at 951-328-4450 or 951-328-4451.

~~~~~

**Videoconferencing**

Videoconferencing allows parties at off-site locations to appear at court hearings by way of two-way audio and visual monitors. The appropriate courtroom deputy clerk should be contacted as to whether use of this equipment in the courtroom is permitted for the specific hearing or trial. There are minimal telephone charges but no equipment charges for use of the unit. For more information or to reserve the equipment, visit the court's website or contact the court's Judicial Liaison Officer at 213-894-0222.
~~~~~

# UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO COUNSEL

*The court has directed that the following rules be specifically called to your attention:*

I. Continuing Obligation to Report Related Cases (Local Rule 83-1.3.3)
II. Service of Papers and Process (Local Rule 4)
III. Notice of Right to Consent to disposition of a Civil Case by a United States Magistrate Judge [28 U.S.C. §636 (c) and General Order 01-13].

## I. CONTINUING OBLIGATION TO REPORT RELATED CASES

Parties are under the continuing obligation to promptly advise the Court whenever one or more civil actions or proceedings previously commenced and one or more currently filed appear to be related.

Local Rule 83-1.3.3 states: "It shall be the continuing duty of the attorney in any case promptly to bring to the attention of the Court, by the filing of a Notice of Related Case(s) pursuant to Local Rule 83-1.3, all facts which in the opinion of the attorney or party appear relevant to a determination whether such action and one or more pending actions should, under the criteria and procedures set forth in Local Rule 83-1.3, be heard by the same judge."

Local Rule 83-1.2.1. states: "It is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge."

Local Rule 83-1.2.2 provides: Whenever an action is dismissed before judgment and thereafter the same or essentially the same action is refiled, the latter action shall be assigned to the judge to whom the first action was assigned. It shall be the continuing duty of every attorney or party appearing in such a refiled action promptly to bring the prior action to the attention of the Clerk in the Civil Cover Sheet and by filing a Notice of Related Case(s) pursuant to Local Rule 83-1.3.

## II. SERVICE OF PAPERS AND PROCESS

Local Rule 4-2 states: "Except as otherwise provided by order of Court, or when required by the treaties or statutes of the United States, process shall not be presented to a United States Marshal for Service." Service of process must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure or in any manner provided by State Law, when applicable. Service upon the United States, an officer or agency thereof, shall be served pursuant to the provisions of FRCP 4 (i). Service should be promptly made; unreasonable delay may result in dismissal of the action under Local Rule 41 and Rule 4(m) of the Federal Rules of Civil Procedure. Proof of service or a waiver of service of summons and complaint must be filed with the court.

## III. NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE BY A UNITED STATES MAGISTRATE JUDGE

***Pursuant to Local Rule 73-2, this notice must be served with the Summons or Waiver of Service of Summons and Complaint on all defendants.***

In accordance with the provisions of 28 U.S.C. §636(c), you are hereby notified that the full-time United States Magistrate Judges of this District Court, in addition to their other duties, may, upon the consent of all parties to their civil case, conduct any and all proceedings in a civil case, including a jury or non-jury trial, and order the entry of a final judgment. Copies of appropriate consent forms for this purpose (Form number CV-11) are available from the Clerk of Court.

Since Magistrate Judges do not handle felony criminal trials, civil trial dates are not at risk of being preempted by a criminal trial, which normally has priority. Further, in some cases the Magistrate Judge may be able to assign an earlier trial date than a District Judge. There may be other advantages and disadvantages which you will want to consider.

Your decision to consent or not to consent to the disposition of your case by a United States Magistrate Judge is **entirely voluntary** and should be communicated solely to the clerk by submitting a joint form of consent or separate forms of consent, form CV-11. Please note that the United States District Court must approve the consent if it is not submitted at least thirty (30) days prior to the date of the Final Pretrial Conference. ALL parties must consent before the case may proceed before a United States Magistrate Judge.

With the exception noted below, the parties may consent to proceed before any Magistrate Judge whose name appears on a list maintained by the Clerk of those Magistrate Judges currently available for consent cases. A space is provided on the consent form for use by parties if they desire to consent to a Magistrate Judge from the list.

**NOTE**: In cases which already have been assigned to a Magistrate Judges pursuant to 28 U.S.C. §636(b)(1)(B) and these Local Rules, the parties may consent to proceed only before the assigned Magistrate Judge.

Any appeal from a judgment of the Magistrate Judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the district court in accordance with 28 U.S.C. §636(c)(3).

**CLERK, UNITED STATE DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVILITY AND PROFESSIONALISM GUIDELINES

## Preamble

In its purest form, law is simply a societal mechanism for achieving justice. As officers of the court, judges and lawyers have a duty to use the law for this purpose, for the good of the people. Even though "justice" is a lofty goal, one which is not always reached, when an individual becomes a member of the legal profession, he or she is bound to strive towards this end.

*...there is a growing sense that lawyers regard their livelihood as a business, rather than a profession.*

Unfortunately, many do not perceive that achieving justice is the function of law in society today. Among members of the public and lawyers themselves, there is a growing sense that lawyers regard their livelihood as a business, rather than a profession. Viewed in this manner, the lawyer may define his or her ultimate goal as "winning" any given case, by whatever means possible, at any cost, with little sense of whether justice is being served. This attitude manifests itself in an array of obstinate discovery tactics, refusals to accommodate the reasonable requests of opposing counsel re: dates, times, and places; and other needless, time-consuming conflicts between and among adversaries. This type of behavior tends to increase costs of litigation and often leads to the denial of justice.

The Central District recognizes that, while the majority of lawyers do not behave in the above-described manner, in recent years there has been a discernible erosion of civility and professionalism in our courts. This disturbing trend may have severe consequences if we do not act to reverse its course. Incivil behavior does not constitute effective advocacy; rather, it serves to increase litigation costs and fails to advance the client's lawful interests. Perhaps just as importantly, this type of behavior causes the public to lose faith in the legal profession and its ability to benefit society. For these reasons, we find that civility and professionalism among advocates, between lawyer and client, and between bench and bar are essential to the administration of justice.

The following guidelines are designed to encourage us, the members of the bench and bar, to act towards each other, our clients, and the public with the dignity and civility that our profession demands. In formulating these guidelines, we have borrowed heavily from the efforts of others who have written similar codes for this same purpose. *The Los Angeles County Bar Association Litigation Guidelines*, guidelines issued by other county bar associations within the Central District, the *Standards for Professional Conduct within the Seventh Federal Judicial Circuit*, and the *Texas Lawyer's Creed* all provide excellent models for professional behavior in the law.

We expect that judges and lawyers will voluntarily adhere to these standards as part of a mutual commitment to the elevation of the level of practice in our courts. These guidelines shall not be used as a basis for litigation or for sanctions or penalties.

Nothing in these guidelines supersedes or modifies the existing Local Rules of the Central District, nor do they alter existing standards of conduct wherein lawyer negligence may be determined and/or examined.

## I. Guidelines

### A. Lawyers' Duties to Their Clients

1. We will practice our profession with a continuing awareness that our role is to advance the legitimate interests of our clients. We will endeavor to achieve our clients' lawful objectives in legal transactions and in litigation as quickly and economically as possible.

2. We will be loyal and committed to our clients' lawful objectives, but we will not permit that loyalty and commitment to interfere with our duty to provide objective and independent advice.

3. We will advise our clients that civility and courtesy are expected and are not a sign of weakness.

4. We will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that we act in an abusive manner or indulge in any offensive conduct.

5. We will advise our clients that we will not pursue conduct that is intended primarily to harass or drain the financial resources of the opposing party.

6. We will advise our clients that we reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect our clients' lawful objectives. Clients have no right to instruct us to refuse reasonable requests made by other counsel.

7. We will advise our clients regarding availability of mediation, arbitration, and other alternative meth-

Adopted on July 27, 1995

ods of resolving and settling disputes.

8. We will advise our clients of the contents of this creed when undertaking representation.

## B. Lawyers' Duties to Other Counsel

### 1. Communications with Adversaries

a. We will adhere to all express promises and to agreements with other counsel, whether oral or in writing, and will adhere in good faith to all agreements implied by the circumstances or local customs.

b. When we reach an oral understanding on a proposed agreement or a stipulation and decide to commit it to writing, the drafter will endeavor in good faith to state the oral understanding accurately and completely. The drafter will provide the other counsel with the opportunity to review the writing. As drafts are exchanged between or among counsel, changes from prior drafts will be identified in the draft or otherwise explicitly brought to the attention of other counsel. We will not include in a draft matters to which there has been no agreement without explicitly advising other counsel in writing of the addition.

c. We will not write letters for the purpose of ascribing to opposing counsel a position he or she has not taken, or to create "a record" of events that have not occurred. Letters intended only to make a record should be used sparingly and only when thought to be necessary under all of the circumstances. Unless specifically permitted or invited by the court, letters between counsel should not be sent to judges.

### 2. Scheduling Issues

a. We will not use any form of discovery or discovery scheduling as a means of harassment.

b. We will consult other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts.

c. We will endeavor to accommodate previously scheduled dates for hearings, depositions, meetings, conferences, vacations, seminars, or other functions that produce good faith calendar conflicts on the part of other counsel, where it is possible to do so without prejudicing the client's rights. If we have been given an accommodation because of a calendar conflict, we will notify those who have accommodated us as soon as the conflict has been removed.

d. We will notify other counsel and, if appropriate, the court or other persons, at the earliest possible time when hearings, depositions, meetings, or conferences are to be canceled or postponed. Early notice avoids unnecessary travel and expense of counsel and may enable the court to use the previously reserved time for other matters.

e. Unless time is of the essence, as a matter of courtesy we will grant first requests for reasonable extensions of time to respond to litigation deadlines. After a first extension, any additional requests for time will be considered by balancing the need for expedition against the deference one should ordinarily give to an opponent's schedule of personal and professional engagements, the reasonableness of the length of extension requested, the opponent's willingness to grant reciprocal extensions, the time actually needed for the task, and whether it is likely a court would grant the extension if asked to do so.

f. We will not request an extension of time solely for the purpose of unjustified delay or to obtain a tactical advantage.

g. We will not attach to extensions unfair and extraneous conditions. We may impose conditions for the purpose of preserving rights that an extension might jeopardize, or for seeking reciprocal scheduling concessions. We will not, by granting extensions, seek to preclude an opponent's substantive rights, such as his or her right to move against a complaint.

### 3. Service of Papers

a. We will not time the filing or service of motions or pleadings in any way that unfairly limits another party's opportunity to respond.

b. We will not serve papers sufficiently close to a court appearance so as to inhibit the ability of opposing counsel to prepare for that appearance or, where permitted by law, to respond to the papers.

c. We will not serve papers in order to take advantage of an opponent's known absence from the office or at a time or in a manner designed to inconvenience an adversary, such as late on a Friday afternoon or the day preceding a secular or religious holiday.

d. When it is likely that service by mail, even when allowed, will prejudice the opposing party, we will effect service personally or by facsimile transmission.

### 4. Depositions

a. We will take depositions only when actually needed to ascertain facts or information or to perpetuate testimony. We will not take depositions

for the purpose of harassment or to increase litigation expense.

b. We will not engage in any conduct during a deposition that would be inappropriate in the presence of a judge.

c. During depositions we will ask only those questions we reasonably believe are necessary for the prosecution or defense of an action. We will not inquire into a deponent's personal affairs or question a deponent's integrity where such inquiry is irrelevant to the subject matter of the deposition. We will refrain from repetitive or argumentative questions or those asked solely for purposes of harassment.

d. When defending a deposition, we will limit objections to those that are well founded and necessary to protect our client's interests. We recognize that most objections are preserved and need be interposed only when the form of a question is defective or privileged information is sought.

e. When a question is pending, we will not, through objections or otherwise, coach the deponent or suggest answers.

f. We will not direct a deponent to refuse to answer questions unless they seek privileged information or are manifestly irrelevant or calculated to harass.

g. When we obtain documents pursuant to a deposition subpoena, we will make copies of the documents available to opposing counsel at his or her expense, even if the deposition is canceled or adjourned.

**5. Document Demands**

a. We will carefully craft document production requests so they are limited to those documents we reasonably believe are necessary for the prosecution or defense of an action. We will not design production requests to harass or embarrass a party or witness or to impose an undue burden or expense in responding.

b. We will respond to document requests in a timely and reasonable manner and not strain to interpret the request in an artificially restrictive manner to avoid disclosure of relevant and non-privileged documents.

c. We will withhold documents on the grounds of privilege only where it is appropriate to do so.

d. We will not produce documents in a disorganized or unintelligible manner, or in a way designed to hide or obscure the existence of particular documents.

e. We will not delay document production to prevent opposing counsel from inspecting documents prior to scheduled depositions or for any other tactical reason.

**6. Interrogatories**

a. We will carefully craft interrogatories so that they are limited to those matters we reasonably believe are necessary for the prosecution or defense of an action, and we will not design them to harass or place an undue burden or expense on a party.

b. We will respond to interrogatories in a timely and reasonable manner and will not strain to interpret them in an artificially restrictive manner to avoid disclosure of relevant and non-privileged information.

c. We will base our interrogatory objections on a good faith belief in their merit and not for the purpose of withholding or delaying the disclosure of relevant information. If an interrogatory is objectionable in part, we will answer the unobjectionable part.

**7. Settlement and Alternative Dispute Resolution**

a. Except where there are strong and overriding issues of principle, we will raise and explore the issue of settlement in every case as soon as enough is known about the case to make settlement discussion meaningful.

b. We will not falsely hold out the possibility of settlement as a means for adjourning discovery or delaying trial.

c. In every case, we will consider whether the client's interest could be adequately served and the controversy more expeditiously and economically disposed of by arbitration, mediation, or other forms of alternative dispute resolution.

**8. Written Submissions to a Court, Including Briefs, Memoranda, Affidavits, Declarations, and Proposed Orders.**

a. Before filing a motion with the court, we will engage in more than a mere *pro forma* discussion of its purpose in an effort to resolve the issue with opposing counsel.

b. We will not force our adversary to make a motion and then not oppose it.

c. In submitting briefs or memoranda of points and authorities to the court, we will not rely on facts that are not properly part of the record. We may present historical, economic, or sociological data, if such data appears in or is derived from generally available sources.

d. In civil actions, we will stipulate to relevant matters if they are undisputed and if no good faith advocacy basis exists for not stipulating.

e. Unless directly and necessarily in issue, we will not disparage the intelligence, morals, integrity, or personal behavior of our adversaries before the court, either in written submissions or oral presentations.

f. We will not, absent good cause, attribute bad motives or improper conduct to other counsel or bring the profession into disrepute by unfounded accusations of impropriety.

g. We will not move for court sanctions against opposing counsel without first conducting a reasonable investigation and unless fully justified by the circumstances and necessary to protect our client's lawful interests.

h. We will not cause any default or dismissal to be entered without first notifying opposing counsel, when we know his or her identity.

i. When a draft order is to be prepared by counsel to reflect a court ruling, we will draft an order that accurately and completely reflects the court's ruling. We will promptly prepare and submit a proposed order to other counsel and attempt to reconcile any differences before the draft order is presented to the court.

### 9. *Ex Parte* Communications With the Court

a. We will avoid *ex parte* communication on the substance of a pending case with a judge (or his or her law clerk) before whom such case is pending.

b. Even where applicable laws or rules permit an *ex parte* application or communication to the court, before making such an application or communication we will make diligent efforts to notify the opposing party or his or her attorney. We will make reasonable efforts to accommodate the schedule of such attorney, so that the opposing party may be represented on the application.

c. Where the rules permit an *ex parte* application or communication to the court in an emergency situation, we will make such an application or communication only where there is a *bona fide* emergency such that the lawyer's client will be seriously prejudiced by a failure to make the application or communication on regular notice.

## C. Lawyers' Duties to the Court

1. We will speak and write civilly and respectfully in all communications with the court.

2. We will be punctual and prepared for all court appearances so that all hearings, conferences, and trials may commence on time; if delayed, we will notify the court and counsel, if possible.

3. We will be considerate of the time constraints and pressures on the court and court staff inherent in their efforts to administer justice.

4. We will not engage in any conduct that brings disorder or disruption to the courtroom. We will advise our clients and witnesses appearing in court of the proper conduct expected and required there and, to the best of our ability, prevent our clients and witnesses from creating disorder or disruption.

5. We will not write letters to the court in connection with a pending action, unless invited or permitted by the court.

6. Before dates for hearing or trials are set, or if that is not feasible, immediately after such date has been set, we will attempt to verify the availability of necessary participants and witnesses so we can promptly notify the court of any likely problems.

7. We will act and speak civilly to court marshals, court clerks, court reporters, secretaries, and law clerks with an awareness that they, too, are an integral part of the judicial system.

## D. Judges' Duties to Others

1. We will be courteous, respectful, and civil to the attorneys, parties, and witnesses who appear before us. Furthermore, we will use our authority to ensure that all of the attorneys, parties, and witnesses appearing in our courtrooms conduct themselves in a civil manner.

2. We will do our best to ensure that court personnel act civilly toward attorneys, parties and witnesses.

3. We will not employ abusive, demeaning, or humiliating language in opinions or in written or oral communications with attorneys, parties, or witnesses.

4. We will be punctual in convening all hearings, meetings, and conferences.

5. We will make reasonable efforts to decide promptly all matters presented to us for decision.

6. While endeavoring to resolve disputes efficiently, we will be aware of the time constraints and pressures imposed on attorneys by the exigencies of litigation practice.

7. Above all, we will remember that the court is the servant of the people, and we will approach our duties in this fashion.

FILED

2008 JUN 19 PM 3: 17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CARMENITA NUNLEY**<br>PLAINTIFF(S)<br>V.<br>**C.R. BARD, INC., ET AL.**<br>DEFENDANT(S). | CASE NUMBER<br>**CV08- 4064 SJO (AJWx)**<br>**NOTICE TO PARTIES OF ADR PILOT PROGRAM** |

Dear Counsel,

The district judge to whom the above-referenced case has been assigned is participating in an ADR Pilot Program. All counsel of record are directed to jointly complete the attached ADR Pilot Program Questionnaire, and plaintiff's counsel (or defendant in a removal case) is directed to concurrently file the Questionnaire with the report required under Federal Rules of Civil Procedure 26(f).

Clerk, U.S. District Court

06/19/08
Date

By: NLONGORI
Deputy Clerk

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMENITA NUNLEY<br><br>PLAINTIFF(S)<br><br>V.<br><br>C.R. BARD, INC., ET AL.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV08- 4064 SJO (AJWx)**<br><br>**ADR PILOT PROGRAM QUESTIONNAIRE** |

(1) What, if any, discovery do the parties believe is essential in order to prepare adequately for a settlement conference or mediation? Please outline with specificity the type(s) of discovery and proposed completion date(s). Please outline any areas of disagreement int this regard. Your designations do not limit the discovery that you will be able to take in the event this case does not settle.

(2) What are the damage amounts being claimed by each plaintiff? Identify the categories of damage claimed [e.g., lost profits, medical expenses (past and future), lost wages (past and future), emotional distress, damage to reputation, etc.] and the portion of the total damages claimed attributed to each category.

(3) Do the parties agree to utilize a private mediator in lieu of the court's ADR Pilot Program?

Yes [ ] No [ ]

(4) if this case is in category civil rights - employment (442), check all boxes that describe the legal bases of plaintiff claim(s).

[ ] Title VII

[ ] 42 U.S.C. section 1983

[ ] Americans with Disabilities Act of 1990

[ ] Age Discrimination

[ ] California Fair Employment and Housing Act

[ ] Rehabilitation Act

[ ] Other ______________________________

______________________________

______________________________

I hereby certify that all parties have discussed and agree that the above-mentioned responses are true and correct.

______________________ ______________________

Date Attorney for Plaintiff (Signature)

______________________

Attorney for Plaintiff (Please print full name)

______________________ ______________________

Date Attorney for Defendant (Signature)

______________________

Attorney for Defendant (Please print full name)