FILED

2008 JUN 19 PM 3:11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ______________________

HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: tmf@hassard.com

Attorneys for Defendants
DAVOL INC. and C.R. BARD, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARMENITA NUNLEY<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., DAVOL INC., and DOES 1 to 100,<br><br>Defendants. | Case No. CV08-04064 SJO AJWx<br><br>**DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S ANSWER AND AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL** |

BY FAX

Defendants C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol"), (collectively "Defendants") by and through counsel, answer the Plaintiff's Complaint and Plaintiff's Attachment to Complaint, (collectively "Complaint") as follows:

**ANSWER TO COMPLAINT**

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants Bard and Davol to which no response is required. To the extent that a response is required, Defendants Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. Paragraph 2 of the Complaint is incomplete. To the extent a response is required, Defendants Bard and Davol deny the same.

3. Paragraph 3 of the Complaint contains allegations regarding

parties other than Defendants Bard and Davol to which no response is required. To the extent that a response is required, Defendants Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore deny the same

4. Paragraph 4 of the Complaint is incomplete. To the extent a response is required, Defendants Bard and Davol deny the same.

5. Bard admits that it is a corporation organized under the laws of the State of New Jersey with its principal place of business in Murray Hill, New Jersey. Davol admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business in Warwick, Rhode Island.

6. Paragraph 6 of the Complaint contains allegations regarding parties other than Defendants Bard and Davol to which no response is required. To the extent that a response is required, Defendants Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore deny the same.

7. Paragraph 7 of the Complaint is incomplete. To the extent a response is required, Defendants Bard and Davol deny the same.

8. The allegations in Paragraph 8 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

9. Paragraph 9 of the Complaint is incomplete. To the extent a response is required, Defendants Bard and Davol deny the same.

10. The allegations in Paragraph 10 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore deny the same.

12. Paragraph 12 of the Complaint is incomplete. To the extent a response is required, Defendants Bard and Davol deny the same.

13. The allegations in Paragraph 13 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

14. The allegations in Paragraph 14 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

15. This paragraph of the Complaint is incomplete. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore deny the same.

**ANSWER TO ATTACHMENT TO COMPLAINT**

Prod. L-1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph "Prod. L-1" of the Attachment to Complaint and therefore deny the same.

Prod. L-2. Paragraph "Prod. L-2" either contains allegations to which Defendants Davol and Bard lack sufficient knowledge or information to form a belief as to the truth of such allegations, or the paragraph contains allegations that are conclusions of law to which no response is required. To the extent that a response is required, Defendants Davol and Bard accordingly deny the allegations in Paragraph "Prod. L-2".

Prod. L-3. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph "Prod. L-3" of the Attachment to Complaint and therefore deny the same.

Prod. L-4. The allegations in Paragraph "Prod. L-4" and its subparts (a) through (c) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

Prod. L-5. The allegations in Paragraph "Prod. L-5" are conclusions of

law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

Prod. L-6. The allegations in Paragraph "Prod. L-6" and its subparts (a) and (b) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

Prod. L-7. Paragraph "Prod L-7" is incomplete. To the extent an answer is required, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. Plaintiff's Complaint should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiff's claims against Defendants in whole or in part.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

7. Plaintiff's, or Plaintiff's agents', including Plaintiff's physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiff's claims in whole or in part.

8. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none

being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

10. If Plaintiff sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

11. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

12. The learned intermediary doctrine bars Plaintiff's claims.

13. Davol has no legal relationship or privity with plaintiff and owes no duty to plaintiff by which liability could be attributed to it.

14. Davol made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiffs. If any such warranties were made, whether express or implied, which Davol specifically deny, then plaintiffs failed to give notice of any breach thereof. Moreover, Davol effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

15. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

16. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

17. Plaintiff's claims are preempted, in whole or in part, by applicable federal and/or state law.

18. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third

parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

19. If Plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of other persons or entities, such diseases, and/or such causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

In the alternative, under applicable provisions of statutory or decisional law (including but not limited to California law), Defendants are entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Defendants' liability exceeds their relative share of responsibility, Defendants are likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of their fault or liability or the fault or liability attributable to any other party, any person, or entity, including the Plaintiff and any party, person, or entity who has settled with the Plaintiff. In the alternative, Defendants are entitled to a setoff or dollar-for-dollar credit for any such settlements and any amounts received by Plaintiff from any source whatsoever with respect to the injuries and damages at issue in this suit.

20. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

21. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

22. Plaintiff failed to mitigate damages, which limits Plaintiff's recovery, if any, in whole or in part.

23. Plaintiff's claims are barred in whole or in part by Plaintiff's own comparative negligence.

24. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

25. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

27. To the extent Plaintiff's Complaint seeks punitive damages, the applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the California Constitution.

28. To the extent Plaintiff's Complaint seeks punitive damages and that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to

infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the California Constitution.

29. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under California and/or other applicable laws.

30. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than California.

32. To the extent Plaintiff's Complaint purports to rely on California law, her cause of action for alleged strict liability is barred by virtue of the ruling of the California Supreme Court in <u>Brown v. Superior Court</u> (1988) 44 Cal.3d 1049, and its progeny.

33. There was no detrimental reliance on any representations of Defendants, if any there were.

34. Plaintiff's claims are barred, in whole or in part, by the sophisticated user doctrine.

35. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint and Attachment to Complaint with prejudice, together with the costs of suit and such other

/ / /

/ / /

relief as the Court deems equitable and just.

Dated: June 19, 2008

Respectfully submitted,

HASSARD BONNINGTON LLP

By ______________________
Thomas M. Frieder
Attorneys for Defendant DAVOL INC.
and Defendant C. R. BARD, INC.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that these answering Defendants hereby demand a trial by jury as to all issues.

Dated: June 19, 2008

Respectfully submitted

HASSARD BONNINGTON LLP

By ______________________
Thomas M. Frieder
Attorney for Defendant DAVOL INC.
and Defendant C.R. BARD, INC.

# PROOF OF SERVICE

Case Name: Carmenita Nunley v. C.R. Bard, Inc. et al.

Court: United States District Court
Central District of California

Case No.:

1. At the time of service I was over 18 years of age and not a party to this action.
2. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.
3. On **June 19, 2008,** I served the following documents:

**DEFENDANT C.R. BARD, INC.'S AND DEFENDANT C.R. BARD, INC.'S ANSWER AND AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**

4. I served the documents on the persons below as follows:

MARK R. SCHWARTZ, ESQ.
LAW OFFICES OF MARK R. SCHWARTZ
11355 West Olympic Boulevard
Suite 100
Los Angeles, CA 90064
310-235-2311 (Phone)

5. The documents were served by the following means (specify):

____ By personal service. I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening. The time of service was _________.

_X_ By United States mail. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

____ By overnight delivery. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

____ By messenger service. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

____ By fax transmission. I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

____ By e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: **June 19, 2008**

Esther Hom

Esther Hom