**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **Priority** | ____ |
| **Send** | ____ |
| **Enter** | ____ |
| **Closed** | ____ |
| **JS-5/JS-6** | ____ |
| **Scan Only** | ____ |

**CASE NO.:** **CV 08-04064 SJO (AJWx)** **DATE:** **June 26, 2008**

**TITLE:** **Carmenita Nunley v. C.R. Bard, Inc., et al.**

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Victor Paul Cruz<br>Courtroom Clerk | Not Present<br>Court Reporter |
| **COUNSEL PRESENT FOR PLAINTIFF:** | **COUNSEL PRESENT FOR DEFENDANTS:** |
| Not Present | Not Present |

========================================================================

**PROCEEDINGS (in chambers):**
ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION

Defendants C.R. Bard, Inc. ("Bard") and Davol, Inc.'s ("Davol") Notice of Removal alleges diversity of citizenship as its jurisdictional basis for removal. However, the jurisdictional allegations are defective because the Notice of Removal conclusorily states the corporation's state of incorporation and its principal place of business. This jurisdictional averment is patently insufficient under 28 U.S.C. § 1332(c) because Bard and Davol fail to proffer adequate facts to support its assertion that their principal places of business are New Jersey and Rhode Island, respectively.

The Ninth Circuit determines a corporation's principal place of business by examining the entity's "total activities," taking into account all aspects of the corporation's business, including where its operations are located, where it supervises that business, and where it employs persons and conducts its business. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990) ("[T]he principal place of business should be the place where the corporation conducts the most activity that is visible and impacts the public, so that it is least likely to suffer from prejudice against outsiders.").

In determining a corporate party's principal place of business, this Court will look at the following factors:

(1) the location of the majority of the corporation's employees;
(2) the location of the majority of the corporation's tangible properties;
(3) the location of the majority of the corporation's production activities;
(4) the location where most of the corporation's income is earned;
(5) the location where most of the corporation's purchases are made; and
(6) the location where most of the corporation's sales take place.

*See Indus. Tectonics*, 912 F.2d at 1094; *see also John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 197 (2d Cir. 1967) ("[D]iversity of citizenship must be apparent from the pleadings."); *Simmons v. Rosenberg*, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) ("Diversity must be alleged with detail and certainty.").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.: CV 08-04064 SJO (AJWx)** **DATE: June 26, 2008**

Based on the foregoing, Bard and Davol are hereby ordered to show cause in writing on or before **July 7, 2008,** to demonstrate why this action should not be remanded for lack of subject matter jurisdiction. An amended notice of removal correcting the deficiencies will be deemed a sufficient response to this Order to Show Cause.

IT IS SO ORDERED.