HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: tmf@hassard.com

Attorneys for Defendants
DAVOL INC. and C.R. BARD, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARMENITA NUNLEY<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., DAVOL INC., and DOES 1 to 100,<br><br>Defendants. | Case No. CV08-4064 PSG (JCx)<br><br>**NOTICE TO COUNSEL THAT DOCUMENT HAS NOT BEEN FILED** |

TO: PLAINTIFF CARMENITA NUNLEY AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants C.R. Bard, Inc.'s and Defendant Davol Inc.'s Amended Notice of Removal, and Certification of Interested Parties, which were submitted to the Court for manual filing on July 14, 2008, have **not** been filed with the Court as a consequence of that attempted manual filing. See attached order of the Honorable Philip S. Gutierrez, marked as Exhibit A.

Dated: July 18, 2008

Respectfully submitted,

HASSARD BONNINGTON LLP

By /s/ Thomas M. Frieder
Thomas M. Frieder
Attorneys for Defendants
Davol Inc. and C.R. Bard, Inc.

# PROOF OF SERVICE

Case Name: **Carmenita Nunley v. C.R. Bard, Inc. et al.**

Court: **United States District Court**
**Central District of California**
**Western Division**

Case No.: **CV08-4064 PSG (JCx)**

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.

3. On **July 18, 2008**, I served the following documents:

**NOTICE TO COUNSEL THAT DOCUMENT HAS NOT BEEN FILED**

4. I served the documents on the persons below as follows:

Mark R. Schwartz, Esq.
Law Offices of Mark R. Schwartz
11355 West Olympic Boulevard
Suite 100
Los Angeles, CA 90064
(310) 235-2311 (Phone)

5. The documents were served by the following means (specify):

____ **By personal service**. I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening. The time of service was __________.

_X_ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

____ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

____ **By messenger service**. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

____ **By fax transmission**. I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

____ **By e-mail or electronic transmission**. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: **July 18, 2008**

Esther Hom

# EXHIBIT A

8



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF DOCUMENT DISCREPANCIES

To: ☒ U.S. District Judge / ☐ U.S. Magistrate Judge Gutierrez

From: Marilyn Davis, Deputy Clerk Date Received: 7/14/08

Case No.: 2:08-CV-4064-PSG(JCx) Case Title: Carmenita Nunley v. C.R. Bard, Inc.

Document Entitled: ① Defendant C.R. Bard, Inc.'s & Defendant Davol Inc.'s Amended Notice of Removal ② Certification of Interested Parties

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

- ☐ Local Rule 11-3.1 Document not legible
- ☐ Local Rule 11-3.8 Lacking name, address, phone and facsimile numbers
- ☐ Local Rule 11-4.1 No copy provided for judge
- ☐ Local Rule 19-1 Complaint/Petition includes more than ten (10) Does or fictitiously named parties
- ☐ Local Rule 15-1 Proposed amended pleading not under separate cover
- ☐ Local Rule 11-6 Memorandum/brief exceeds 25 pages
- ☐ Local Rule 11-8 Memorandum/brief exceeding 10 pages shall contain table of contents
- ☐ Local Rule 7.1-1 No Certification of Interested Parties and/or no copies
- ☐ Local Rule 6.1 Written notice of motion lacking or timeliness of notice incorrect
- ☐ Local Rule 56-1 Statement of uncontroverted facts and/or proposed judgment lacking
- ☐ Local Rule 56-2 Statement of genuine issues of material fact lacking
- ☐ Local Rule 7-19.1 Notice to other parties of ex parte application lacking
- ☐ Local Rule 16-6 Pretrial conference order not signed by all counsel
- ☐ FRCvP Rule 5(d) No proof of service attached to document(s)
- ☒ Other: ~~Pursuant to G.O. 08-02 case is designated for electronic filing~~ A proposed order is required for approval of the filing of the amended removal.

FILED
CLERK, U.S. DISTRICT COURT
JUL 16 2008
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

Note: Please refer to the court's Internet website at www.cacd.uscourts.gov for local rules and applicable forms.

Also: a notice of manual filing must be e-filed; then the amended removal is lodged w/ CV intake along with a proposed order

### ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

Date ____________ U.S. District Judge / U.S. Magistrate Judge ____________

☒ The document is NOT to be filed, but instead **REJECTED**, and is ORDERED returned to *counsel. *Counsel shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

Date: 7/16/08 U.S. District Judge / ~~U.S. Magistrate Judge~~ [signature]

*The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.



GPO U.S. GOVERNMENT PRINTING OFFICE: 2007 672-579

HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: tmf@hassard.com

Attorneys for Defendants
DAVOL INC. and C.R. BARD, INC.

RECEIVED
BUT NOT FILED
JUL 14 2008
3:33
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
BY [signature] DEPUTY

RECEIVED AND RETURNED
CLERK, U.S. DISTRICT COURT
JUL 16 2008
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ORIGINAL

| | |
|---|---|
| CARMENITA NUNLEY<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., DAVOL INC., and DOES 1 to 100,<br><br>Defendants. | Case No. CV08-4064 (PSG) (JCx)<br><br>DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S AMENDED NOTICE OF REMOVAL |

BY FAX

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant C.R. Bard, Inc. ("Bard") and Defendant Davol Inc. ("Davol") (collectively "Defendants") previously removed the above-captioned action from the Superior Court of California in and for Los Angeles County, California, to this Court. (See Notice of Removal [Doc. 1].) Defendants now file this Amended Notice of Removal to comply with Paragraph 13 of the Court's Initial Standing Order [Doc. 7] and the Court's June 26, 2008 Order to Show Cause Regarding Subject Matter Jurisdiction [Doc. 12]. In further support of removal, Defendants state as follows:

**I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

1. Plaintiff's Complaint makes allegations similar to numerous other product liability complaints filed against Bard and Davol throughout the country. Plaintiff

HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: tmf@hassard.com

Attorneys for Defendants
DAVOL INC. and C.R. BARD, INC.

RECEIVED BUT NOT FILED
JUL 14 2008
3:33
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
BY MAD DEPUTY

RECEIVED AND RETURNED
CLERK U.S. DISTRICT COURT
JUL 16 2008
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ORIGINAL

CARMENITA NUNLEY

Plaintiff,

v.

C.R. BARD, INC., DAVOL INC., and DOES 1 to 100,

Defendants.

Case No. CV08-4064 (PSG) (JCx)

**CERTIFICATION OF INTERESTED PARTIES**

BY FAX

The undersigned, counsel of record for Davol Inc.and C.R. Bard, Inc., certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal: 1) Davol Inc. (party defendant), and 2) C.R. Bard, Inc. (party defendant; Davol Inc. is a wholly owned subsidiary of C.R. Bard, Inc.).

Dated: July 14, 2008

Respectfully submitted,

HASSARD BONNINGTON LLP

By [signature]
Thomas M. Frieder
Attorneys for Defendants
Davol Inc. and C.R. Bard, Inc.