HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: tmf@hassard.com

Attorneys for Defendants
DAVOL INC. and C.R. BARD, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CARMENITA NUNLEY

Plaintiff,

v.

C.R. BARD, INC., DAVOL INC., and DOES 1 to 100,

Defendants.

Case No. CV08-4064 PSG (JCx)

**CERTIFICATE OF SERVICE**

I, Esther Hom, certify and declare as follows:

I am over the age of 18 years and not a party to this action.

My business address is Hassard Bonnington LLP, Two Embarcadero Center, Suite 1800, San Francisco, California.

On **July 21, 2008** I served the attached *Declaration of Thomas M. Frieder in Support of [Proposed] Order Permitting Defendant C.R. Bard, Inc. and Defendant Davol Inc. to File Amended Notice of Removal* on the person listed below by the following means:

(1) I deposited the attached document in the United States mail at San Francisco, California, in an envelope with postage prepaid, addressed to:

Mark R. Schwartz, Esq.
Law Offices of Mark R. Schwartz
11355 West Olympic Boulevard, Suite 100
Los Angeles, CA 90064
**Fax: (310) 235-2313**

(2) I faxed the attached document to the person and at the fax number listed above .

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **July 21, 2008**

Esther Hom

HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: tmf@hassard.com

Attorneys for Defendants
DAVOL INC. and C.R. BARD, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARMENITA NUNLEY<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., DAVOL INC., and DOES 1 to 100,<br><br>Defendants. | Case No. CV08-4064 PSG (JCx)<br><br>**DECLARATION OF THOMAS M. FRIEDER IN SUPPORT OF [PROPOSED] ORDER PERMITTING DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO FILE AMENDED NOTICE OF REMOVAL** |

I, Thomas M. Frieder, declare that I am an attorney for Defendant C.R. Bard, Inc. and Defendant Davol Inc. ("Defendants") in this action. I make this Declaration based on my own personal knowledge, and if called upon as a witness, could competently testify to the matters set forth herein.

1. On June 19, 2008, Defendants removed this action from the Superior Court of California in and for Los Angeles County, California, to this Court (Doc. 1). The case was initially assigned to the calendar of the Honorable S. James Otero.

2. On June 26, 2008, Judge Otero issued an Order to Show Cause regarding subject matter jurisdiction (Doc. 12). A true and correct of Judge Otero's

June 26, 2008 Order is attached hereto for reference as **Exhibit A**. The Order addressed the issue of jurisdictional allegations regarding the Defendants' state of incorporation and principal place of business. The Order went on to provide:

> Based on the foregoing, Bard and Davol are hereby ordered to show cause in writing on or before **July 7, 2008**, to demonstrate why this action should not be remanded for lack of subject matter jurisdiction. An amended notice of removal correcting the deficiencies will be deemed a sufficient response to this Order to Show Cause.

Accordingly, Judge Otero's Order authorized the Defendants to file an Amended Notice of Removal.

3. On July 3, 2008, the Defendants e-filed their Amended Notice of Removal (Doc. 14). Given that the case had already been removed, it was my interpretation of Section V(B)(1) of General Order No. 07-08 that the Amended Notice of Removal would not be deemed an "initiating document" calling for manual filing.

4. On July 11, 2008, a Notice to Filer of Deficiencies in Electronically Filed Documents (Doc. 19) was filed, which indicated that the Amended Notice of Removal must be filed manually. In response to that Notice, on July 14, 2008, we had submitted through our service for manual filing the Amended Notice of Removal. Attached hereto as **Exhibit B** is a true and correct copy of the face sheet from the Amended Notice of Removal, reflecting that it was received but not filed on July 14, 2008.

5. On July 16, 2008, the Court's Notice of Discrepancy and Order rejecting the attempted manual filing of the Amended Notice of Removal was filed. I received e-notice of that Notice of Discrepancy and Order during the morning of July 18, 2008.[1]. A true and correct copy of the Court's Notice of Discrepancy and Order, filed

---

[1] At the time manual filing was attempted of the Amended Notice of Removal, a

on July 16, 2008, is attached hereto for reference as **Exhibit C**. A true and correct copy of the e-filing notice on the Notice of Discrepancy and Order, indicating it was received by me on Friday, July 18, 2008 at 8:43 a.m., is attached hereto as **Exhibit D**. In the Notice of Discrepancy and Order it provides, in part, that "A proposed order is required for approval of the filing of the amended Removal".

7. As shown above, when the Amended Notice of Removal was e-filed on July 3, 2008, that submission was made pursuant to the prior Order to Show Cause of Judge Otero which authorized the filing of an Amended Notice of Removal. That e-filing by the Defendants was done four days before the deadline set forth by Judge Otero in his June 26, 2008 Order. Accordingly, it is respectfully requested that the Court permit the Defendants to manually file at this time the Amended Notice of Removal which was previously e-filed on July 3, 2008.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on July 21, 2008, in San Francisco, California.

/s/ Thomas M. Frieder
THOMAS M. FRIEDER

---

Certification of Interested Parties, which merely duplicated the Certification of Interested Parties that the removing defendants previously successfully manually filed on June 19, 2008, was also submitted.

# PROOF OF SERVICE

Case Name: **Carmenita Nunley v. C.R. Bard, Inc. et al.**

Court: **United States District Court**
**Central District of California**
**Western Division**

Case No.: **CV08-4064 PSG (JCx)**

1. At the time of service I was over 18 years of age and not a party to this action.
2. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.
3. On **July 21, 2008**, I served the following documents:

**DECLARATION OF THOMAS M. FRIEDER IN SUPPORT OF [PROPOSED] ORDER PERMITTING DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO FILE AMENDED NOTICE OF REMOVAL**

4. I served the documents on the persons below as follows:

Mark R. Schwartz, Esq.
Law Offices of Mark R. Schwartz
11355 West Olympic Boulevard
Suite 100
Los Angeles, CA 90064
(310) 235-2311 (Phone)
**(310) 235-2313 (Fax)**

5. The documents were served by the following means (specify):

____ **By personal service**. I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening. The time of service was __________.

_X_ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

____ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

____ **By messenger service**. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

_X_ **By fax transmission**. I faxed the documents to the persons at the fax Numbers listed in item 4. No error was reported by the fax machine that I used.

____ **By e-mail or electronic transmission**. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: **July 21, 2008**

Esther Hom

Esther Hom

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** CV 08-04064 SJO (AJWx) **DATE:** June 26, 2008

**TITLE:** Carmenita Nunley v. C.R. Bard, Inc., et al.

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**

Not Present

**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present

**PROCEEDINGS (in chambers):**
ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION

Defendants C.R. Bard, Inc. ("Bard") and Davol, Inc.'s ("Davol") Notice of Removal alleges diversity of citizenship as its jurisdictional basis for removal. However, the jurisdictional allegations are defective because the Notice of Removal conclusorily states the corporation's state of incorporation and its principal place of business. This jurisdictional averment is patently insufficient under 28 U.S.C. § 1332(c) because Bard and Davol fail to proffer adequate facts to support its assertion that their principal places of business are New Jersey and Rhode Island, respectively.

The Ninth Circuit determines a corporation's principal place of business by examining the entity's "total activities," taking into account all aspects of the corporation's business, including where its operations are located, where it supervises that business, and where it employs persons and conducts its business. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990) ("[T]he principal place of business should be the place where the corporation conducts the most activity that is visible and impacts the public, so that it is least likely to suffer from prejudice against outsiders.").

In determining a corporate party's principal place of business, this Court will look at the following factors:

(1) the location of the majority of the corporation's employees;
(2) the location of the majority of the corporation's tangible properties;
(3) the location of the majority of the corporation's production activities;
(4) the location where most of the corporation's income is earned;
(5) the location where most of the corporation's purchases are made; and
(6) the location where most of the corporation's sales take place.

*See Indus. Tectonics*, 912 F.2d at 1094; *see also John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 197 (2d Cir. 1967) ("[D]iversity of citizenship must be apparent from the pleadings."); *Simmons v. Rosenberg*, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) ("Diversity must be alleged with detail and certainty.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**CASE NO.:** **CV 08-04064 SJO (AJWx)** **DATE:** **June 26, 2008**

Based on the foregoing, Bard and Davol are hereby ordered to show cause in writing on or before **July 7, 2008,** to demonstrate why this action should not be remanded for lack of subject matter jurisdiction. An amended notice of removal correcting the deficiencies will be deemed a sufficient response to this Order to Show Cause.

IT IS SO ORDERED.

# EXHIBIT B

HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: tmf@hassard.com

Attorneys for Defendants
DAVOL INC. and C.R. BARD, INC.

RECEIVED
BUT NOT FILED
JUL 1 4 2008
3:34
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARMENITA NUNLEY<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., DAVOL INC., and DOES 1 to 100,<br><br>Defendants. | Case No. CV08-4064 (PSG) (JCx)<br><br>DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S AMENDED NOTICE OF REMOVAL<br><br>BY FAX |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant C.R. Bard, Inc. ("Bard") and Defendant Davol Inc. ("Davol") (collectively "Defendants") previously removed the above-captioned action from the Superior Court of California in and for Los Angeles County, California, to this Court. (See Notice of Removal [Doc. 1].) Defendants now file this Amended Notice of Removal to comply with Paragraph 13 of the Court's Initial Standing Order [Doc. 7] and the Court's June 26, 2008 Order to Show Cause Regarding Subject Matter Jurisdiction [Doc. 12]. In further support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

1. Plaintiff's Complaint makes allegations similar to numerous other product liability complaints filed against Bard and Davol throughout the country. Plaintiff

# EXHIBIT C

8



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**NOTICE OF DOCUMENT DISCREPANCIES**

To: ☒ U.S. District Judge / ☐ U.S. Magistrate Judge Gutierrez

From: Marilyn Davis, Deputy Clerk Date Received: 7/14/08

Case No.: 2:08-CV-4064-PSG(JCx) Case Title: Carmenita Nunley v. C.R. Bard, Inc

Document Entitled: ① Defendant C.R. Bard, Inc's & Defendant Davol Inc.'s Amended Notice of Removal ② Certification of Interested Parties

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

☐ Local Rule 11-3.1 Document not legible
☐ Local Rule 11-3.8 Lacking name, address, phone and facsimile numbers
☐ Local Rule 11-4.1 No copy provided for judge
☐ Local Rule 19-1 Complaint/Petition includes more than ten (10) Does or fictitiously named parties
☐ Local Rule 15-1 Proposed amended pleading not under separate cover
☐ Local Rule 11-6 Memorandum/brief exceeds 25 pages
☐ Local Rule 11-8 Memorandum/brief exceeding 10 pages shall contain table of contents
☐ Local Rule 7.1-1 No Certification of Interested Parties and/or no copies
☐ Local Rule 6.1 Written notice of motion lacking or timeliness of notice incorrect
☐ Local Rule 56-1 Statement of uncontroverted facts and/or proposed judgment lacking
☐ Local Rule 56-2 Statement of genuine issues of material fact lacking
☐ Local Rule 7-19.1 Notice to other parties of ex parte application lacking
☐ Local Rule 16-6 Pretrial conference order not signed by all counsel
☐ FRCvP Rule 5(d) No proof of service attached to document(s)
☒ Other: ~~Pursuant to G.O. 08-02 case is designated for electronic filing~~
A proposed order is required for approval of the filing of the amended Removal.
Also: A notice of manual filing must be e-filed; then the amended Removal is lodged w/ CV intake along with a proposed order

FILED
CLERK, U.S. DISTRICT COURT
JUL 16 2008
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

Note: Please refer to the court's Internet website at www.cacd.uscourts.gov for local rules and applicable forms.

**ORDER OF THE JUDGE/MAGISTRATE JUDGE**

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_______________ _______________
Date U.S. District Judge / U.S. Magistrate Judge

☒ The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to *counsel. *Counsel shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

7/16/08 [signature]
Date U.S. District Judge / ~~U.S. Magistrate Judge~~

*The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.



U.S. GOVERNMENT PRINTING OFFICE: 2007 672-579

# EXHIBIT D

## Tom Frieder

**From:** cacd_ecfmail@cacd.uscourts.gov

**Sent:** Friday, July 18, 2008 8:43 AM

**To:** ecfnef@cacd.uscourts.gov

**Subject:** Activity in Case 2:08-cv-04064-PSG-JC Carmenita Nunley v. C. R. Bard, Inc. et al Notice of Document Discrepancies and Order - Rejecting

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

## Notice of Electronic Filing

The following transaction was entered on 7/18/2008 at 8:42 AM PDT and filed on 7/16/2008

**Case Name:** Carmenita Nunley v. C. R. Bard, Inc. et al
**Case Number:** 2:08-cv-4064
**Filer:** C. R. Bard, Inc.
Davol Inc.
**Document Number:** 28

**Docket Text:**
**NOTICE OF DISCREPANCY AND ORDER: by Judge Philip S. Gutierrez, ORDERING Defendant C.R. Bard Inc's & Defendant Davol Inc's Amended Notice of Removal; Certification of Interested Parties submitted by Defendants C. R. Bard, Inc., Davol Inc. received on 7/14/08 is not to be filed but instead rejected. Denial based on: A Proposed order is required for approval of the filing of the Amended Removal. Also a Notice of manual filing must be e-filed; then the amended removal is lodged with CV Intake along with a Proposed Order. (ir)**

**2:08-cv-4064 Notice has been electronically mailed to:**

Thomas M Frieder tmf@hassard.com,exh@hassard.com

**2:08-cv-4064 Notice has been delivered by First Class U. S. Mail or by fax to: :**
Mark R Schwartz
Mark R Schwartz Law Offices
11355 West Olympic Blvd
Suite 100
Los Angeles CA 90064