HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: tmf@hassard.com

Attorneys for Defendants
DAVOL INC. and C.R. BARD, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARMENITA NUNLEY<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., DAVOL INC., and DOES 1 to 100,<br><br>Defendants. | Case No. CV08-4064 PSG (JCx)<br><br>**CERTIFICATE OF SERVICE** |

I, Esther Hom, certify and declare as follows:

I am over the age of 18 years and not a party to this action.

My business address is Hassard Bonnington LLP, Two Embarcadero Center, Suite 1800, San Francisco, California.

On **July 21, 2008** I served the attached *[Proposed] Order Permitting Defendant C.R. Bard, Inc. and Defendant Davol Inc. to File Amended Notice of Removal* on the person listed below by the following means:

(1) I deposited the attached document in the United States mail at San Francisco, California, in an envelope with postage prepaid, addressed to:

/ / /

/ / /

Mark R. Schwartz, Esq.
Law Offices of Mark R. Schwartz
11355 West Olympic Boulevard, Suite 100
Los Angeles, CA 90064
**Fax: (310) 235-2313**

(2) I faxed the attached document to the person and at the fax number listed above .

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **July 21, 2008**

Esther Hom

HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: tmf@hassard.com

Attorneys for Defendants
DAVOL INC. and C.R. BARD, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARMENITA NUNLEY<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., DAVOL INC., and DOES 1 to 100,<br><br>Defendants. | Case No. CV08-4064 PSG (JCx)<br><br>**[PROPOSED] ORDER PERMITTING DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO FILE AMENDED NOTICE OF REMOVAL** |

This action was previously assigned to the Honorable S. James Otero. On June 26, 2008, Judge Otero issued an Order (Doc. 12) to Defendant C.R. Bard, Inc. and Defendant Davol Inc. ("Defendants") to show cause in writing on before July 7, 2008, to demonstrate why this action should not be remanded for lack of subject matter jurisdiction. That Order further provided that an Amended Notice of Removal correcting the deficiencies will be deemed a sufficient response to the Order to Show Cause (for reference, a copy of Judge Otero's prior Order is attached hereto as Exhibit A.

As shown in the Supporting Declaration of Thomas M. Frieder, the

Defendants e-filed their Amended Notice of Removal (Doc. 14) on July 3, 2008, and the Amended Notice of Removal was served by mail that day on counsel for Plaintiff Carmenita Nunley (Doc. 15).

In consideration of the matters set forth in the Supporting Declaration of Thomas M. Frieder, and GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that:

1. Defendant C.R. Bard, Inc. and Defendant Davol Inc. are permitted to manually file their Amended Notice of Removal.

DATED: ______________

______________________________
HON. PHILIP S. GUTIERREZ

## PROOF OF SERVICE

Case Name: **Carmenita Nunley v. C.R. Bard, Inc. et al.**

Court: **United States District Court**
**Central District of California**
**Western Division**

Case No.: **CV08-4064 PSG (JCx)**

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.

3. On **July 21, 2008**, I served the following documents:

**[PROPOSED] ORDER PERMITTING DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO FILE AMENDED NOTICE OF REMOVAL**

4. I served the documents on the persons below as follows:

Mark R. Schwartz, Esq.
Law Offices of Mark R. Schwartz
11355 West Olympic Boulevard
Suite 100
Los Angeles, CA 90064
(310) 235-2311 (Phone)
**(310) 235-2313 (Fax)**

5. The documents were served by the following means (specify):

____ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening. The time of service was __________.

__X__ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

____ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

____ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

**X** **By fax transmission.** I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

____ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: **July 21, 2008**

Esther Hom

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**Priority** ____
**Send** ____
**Enter** ____
**Closed** ____
**JS-5/JS-6** ____
**Scan Only** ____

**CASE NO.:** **CV 08-04064 SJO (AJWx)** **DATE:** **June 26, 2008**

**TITLE:** **Carmenita Nunley v. C.R. Bard, Inc., et al.**

===========================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**

Not Present

**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present

===========================================================

**PROCEEDINGS (in chambers):**
ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION

Defendants C.R. Bard, Inc. ("Bard") and Davol, Inc.'s ("Davol") Notice of Removal alleges diversity of citizenship as its jurisdictional basis for removal. However, the jurisdictional allegations are defective because the Notice of Removal conclusorily states the corporation's state of incorporation and its principal place of business. This jurisdictional averment is patently insufficient under 28 U.S.C. § 1332(c) because Bard and Davol fail to proffer adequate facts to support its assertion that their principal places of business are New Jersey and Rhode Island, respectively.

The Ninth Circuit determines a corporation's principal place of business by examining the entity's "total activities," taking into account all aspects of the corporation's business, including where its operations are located, where it supervises that business, and where it employs persons and conducts its business. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990) ("[T]he principal place of business should be the place where the corporation conducts the most activity that is visible and impacts the public, so that it is least likely to suffer from prejudice against outsiders.").

In determining a corporate party's principal place of business, this Court will look at the following factors:

(1) the location of the majority of the corporation's employees;
(2) the location of the majority of the corporation's tangible properties;
(3) the location of the majority of the corporation's production activities;
(4) the location where most of the corporation's income is earned;
(5) the location where most of the corporation's purchases are made; and
(6) the location where most of the corporation's sales take place.

*See Indus. Tectonics*, 912 F.2d at 1094; *see also John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 197 (2d Cir. 1967) ("[D]iversity of citizenship must be apparent from the pleadings."); *Simmons v. Rosenberg*, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) ("Diversity must be alleged with detail and certainty.").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** **CV 08-04064 SJO (AJWx)** **DATE:** **June 26, 2008**

Based on the foregoing, Bard and Davol are hereby ordered to show cause in writing on or before **July 7, 2008,** to demonstrate why this action should not be remanded for lack of subject matter jurisdiction. An amended notice of removal correcting the deficiencies will be deemed a sufficient response to this Order to Show Cause.

IT IS SO ORDERED.