UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

| | | | |
|---|---|---|---|
| Case No. | CV 08-4064 PSG (AJWx) | Date | July 25, 2008 |
| Title | Carmenita Nunley v. C.R. Bard, Inc. *et al.* | | |

| | |
|---|---|
| Present: The Honorable | PHILIP S. GUTIERREZ, United States District Judge |

| | |
|---|---|
| Wendy Hernandez | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (IN CHAMBERS): **ORDER TO SHOW CAUSE RE REMAND TO STATE COURT**

On **July 3, 2008,** this action was removed to this Court pursuant to 28 U.S.C. § 1441. However, the jurisdictional allegations appear to be defective for the reason(s) opposite the box(es) checked:

[ ] Removal is on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 but it appears that the claims may not "arise under" federal law.

[ ] Removal is on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 on grounds of the artful pleading doctrine but the claims do not appear to be completely preempted.

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but all plaintiffs are not diverse from all defendants. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, but the pleadings set forth the residence, rather than the citizenship, of some of the parties. Diversity is based on citizenship.

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, but the pleadings fail to allege the citizenship of some of the parties.

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. A partnership, limited liability company, or other unincorporated association is joined as a party. The Court must consider the citizenship of each of the partners, including limited partners, or members. The citizenship of each of the entity's partners or members must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

therefore be alleged. *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *United Steelworkers v. Bouligny, Inc.*, 382 U.S. 145 (1965); *Rockwell Int'l Credit Corp. v. U.S. Aircraft Ins. Group*, 823 F.2d 302 (9th Cir. 1987).

[**X**] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Some of the parties are corporations. The notice of removal is deficient because:

[ ] the notice of removal does not state both the respective state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c).

[ **X**] the jurisdiction averment by the defendants is patently insufficient under 28 U.S.C. § 1332(c).

Defendant(s) fail(s) to offer adequate facts to support the assertion that the principal place of business stated in the notice is the corporate party's principal place of business. The Ninth Circuit determines a corporation's principal place of business by examining the entity's "total activities," which takes into account all aspects of the corporation's business, including where its operations are located, where it supervises that business, and where it employs persons and conducts its business. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990) ("[T]he principal place of business should be the place where the corporation conducts the most activity that is visible and impacts the public, so that it is least likely to suffer from prejudice against outsiders."). Accordingly, in determining a corporate party's principal place of business, this Court looks to the same factors. This entails (1) determining the location of the majority of the corporation's (a) employees, (b) tangible property, and (c) production activities, and (2) ascertaining where most of the corporation's (a) income is earned, (b) purchases are made, and (c) sales take place. *Indus. Tectonics*, 912 F.2d at 1094.

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, one or more of the parties is named in a representative capacity, and the citizenship of the represented person is not alleged or appears not to be diverse. 28 U.S.C. § 1332(c)(2).

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, but defendants fail to allege the existence of diversity jurisdiction both at the time the action was commenced and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n. of Am.*, 300 F.3d 1129, 11131-32 (9th Cir. 2002).

[**X**] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but the amount in controversy does not appear to exceed $75,000. Because the amount of damages plaintiff seeks is unclear from the complaint, or appears to be $75,000, or less, defendants bear the burden of proving facts to support jurisdiction, including the jurisdictional amount, by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). A "mere averment" that the amount in controversy exceeds $75,000 is insufficient. *Id.* at 567. Neither does an allegation based on information and belief constitute proof by a preponderance of the evidence. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a); the action involves multiple plaintiffs and/or is a class action. The pleadings do not state that at least one of the named plaintiffs has a claim exceeding $75,000. Where the action does not implicate a common fund or a joint interest, at least one of the named plaintiffs must meet the amount in controversy requirement. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 125 S. Ct. 2611, 2615 (2005). Where injunctive relief is sought in a multiple plaintiff action, the Ninth Circuit has held that "the amount in controversy requirement cannot be satisfied [merely] by showing that the fixed administrative costs of compliance exceed $75,000." *In re Ford Motor Co./Citibank (S.D.), N.A. Cardholder Rebate Program Litig., 26*4 F.3d 952, 961 (9th Cir. 2001).

[ ] Removal is on the basis of diversity jurisdiction in a class action pursuant to 28 U.S.C. § 1332(d). The complaint is deficient because:

[ ] the total claims of individual class members do not appear to exceed $5,000,000 in the aggregate. 28 U.S.C. § 1332(d)(2), (5).

[ ] the pleadings fail to allege that any member of a plaintiff class is a citizen of a state different from any defendant, that any member of a plaintiff class is a citizen or subject of a foreign state and any defendant is a citizen of a state, or that any member of a plaintiff class is a citizen of a state and any defendant is a citizen or subject of a foreign state. 28 U.S.C. § 1332(d)(2).

[ ] it appears that two-thirds or more of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the action was originally filed; the plaintiff class seeks significant relief from a defendant who is a citizen of that state and whose alleged conduct forms a significant basis for the claims; principal injuries were incurred in that state; and no related class action has been filed within the preceding three years. 28 U.S.C. § 1332(d)(4)(A).

[ ] it appears that two-thirds or more of the members of all proposed plaintiff classes in the aggregate and all of the primary defendants are citizens of the state in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(B).

[ ] it appears that the primary defendants are states, state officials, or other governmental entities. 28 U.S.C. § 1332(d)(5)(A).

[ ] it appears that the total number of members of all proposed plaintiff classes is less than 100. 28 U.S.C. § 1332(d)(5)(B).

[ ] the action appears to involve solely securities claims or claims relating to corporate governance as described in 28 U.S.C. § 1332(d)(9).

[ ] Removal is on the basis of diversity jurisdiction in a class action pursuant to 28 U.S.C. § 1332(d). The Court may decline to exercise its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) because it appears that greater than one-third but less than two-thirds of the members of all plaintiff classes in the aggregate and the primary defendants are citizens of California and one or more of the following applies:

[ ] the claims asserted do not involve matters of national or interstate interest. 28 U.S.C. § 1332(d)(3)(A).

[ ] the claims asserted will be governed by California law. 28 U.S.C. § 1332(d)(3)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

[ ] the class action has not been pleaded in a manner that seeks to avoid federal jurisdiction. 28 U.S.C. § 1332(d)(3)(C).
[ ] the forum in which the action was brought has a distinct nexus with the class members, the alleged harm, or the defendants. 28 U.S.C. § 1332(d)(3)(D).
[ ] the number of California citizens among all plaintiff classes in the aggregate is substantially larger than the number of citizens of any other state, and the citizenship of the other members is dispersed among a substantial number of states. 28 U.S.C. § 1332(d)(3)(E).
[ ] no related class action has been filed during the preceding three years. 28 U.S.C. § 1332(d)(3)(F).

[ ] The Court notes the following potential procedural defect(s):
[ ] not all served defendants have joined in the notice of removal. See 28 U.S.C. § 1441(a); *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998).
[ ] the removing defendant(s) did not attach to the notice of removal a copy of all process, pleadings, and orders served on the defendant(s). 28 U.S.C. § 1446(a).
[ ] the notice of removal was filed more than thirty days after the date of service of the initial pleading or the date on which defendant first had notice of removability. 28 U.S.C. § 1446(b).
[ ] removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, the case was not initially removable, and the notice of removal was filed more than one year after commencement of the action. 28 U.S.C. § 1446(b); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998).
[ ] removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but some of the defendants are California citizens. 28 U.S.C. § 1441(b).

[ ] Other:

Accordingly, the Court orders defendant(s) to show cause in writing no later than **August 15, 2008** why this action should not be remanded for the reasons noted above. This deadline shall not extend the time for responding to any motion for remand filed by Plaintiff(s). Plaintiff(s) may submit a response in the same time period. Plaintiff(s) must submit a response within 30 days of the date of removal if the defects are procedural and plaintiff(s) object(s) and request(s) remand. *See* 28 U.S.C. § 1447(c). The parties are reminded that courtesy copies are to be delivered to Chambers. Failure of defendant(s) to respond by the above date will result in the Court **remanding** this action to state court.

The Court further orders the Court Clerk promptly to serve this order on both parties.

Deputy Clerk ____________________________